## NAVAJO TRIBAL UTILITY AUTHORITY

### Plaintiff-Appellee

### vs.

### LORETTA BOULDIN

### Defendant-Appellant

### Decided On October 5, 1979

Walter F. Wolf, Jr., Schuelke, Wolf & Rich, Gallup, New Mexico, for Plaintiff-Appellee

Marilou B. Tso, D.N.A., Shiprock, New Mexico, for Defendant-Appellant

Before McCABE, Actng Chief Justice, BECENTI and WILSON, Associate Justices

McCABE, Acting Chief Justice

I.

This case arose from a suit upon a promissory note executed on June 1, 1977, by the appellant, Loretta Bouldin and other defendants to the suit, Harry Wiles, Helen Wiles and W.A. (Gus) Bouldin, in favor of the appellee, Navajo Tribal Utility Authority (N.T.U.A.). The promissory note was made, executed and delivered to the appellee in writing, whereby the above-named individuals promised, jointly and severally, to pay the sum of Nineteen Thousand Two Hundred Eleven and 27/100 Dollars ($19,211.27) with interest at the rate of eight and one-half percent (8½%) per annum. They further promised, jointly and severally, to pay all monthly utility bills coming due and owing to the appellee each month as a result of the operation of the Hotel Shiprock, commencing with the month of June, 1977.

In the action before the District Court of Shiprock, defendants Harry Wiles and Helen Wiles were not served with the summons and complaint and were not made party to the proceedings. The District Court found that it lacked jurisdiction over the defendant W.A. (Gus) Bouldin and the action proceeded with the appellant as the sole defendant.

The appellant purchased the leasehold interest in Hotel Shiprock on December 20, 1973, and began to operate the business as a sole proprietorship. On May 12, 1976, she attempted to assign her leasehold to Willard Parker, Flora Parker and Helen Wiles. This assignment was not approved by the Navajo Tribe and the District Court held there had been no sale. Subsequent to May 12, 1976, however, the appellant considered Harry Wiles and Helen Wiles to be the owners of Hotel Shiprock. Although Loretta Bouldin and W.A. (Gus) Bouldin continued to oversee the operations of the hotel, they considered themselves to be acting in the capacity of managers in the employment of the Wiles and not as owners.

Financial difficulties were encountered by the hotel during late 1976 and early 1977. At the time the promissory note the subject of this suit was executed, utility bills for the hotel were in arrears and the promissory note covered the outstanding obligation to the appellee as well as a guarantee that any utility charges in the future would be paid. At trial the appellant argued that the Wiles were the primary makers of the note because of the purported sale of May 12, 1976, and that she was not responsible for any utility bills incurred after that

date because she was not the owner of the hotel. The District Court specifically found that there was no sale of Hotel Shiprock by Loretta Bouldin to Willard and Flora Parker and Helen Wiles on May 12, 1976, and that Loretta Bouldin owned one hundred percent of the leasehold interest from December 20, 1973, until March 3, 1978, at which time she sold forty-nine percent (49%) of the leasehold interest to Helen Wiles. This sale was approved by the Navajo Tribe. The hotel closed December 18, 1978.

The District Court in Shiprock found for the appellee in the amount of Twenty-Five Thousand One Hundred Ninety-five and 22/100 Dollars ($25,195.22). This sum represents the principal on the promissory note in the amount of Thirteen Thousand Eight Hundred and 69/100 Dollars ($13,800.69), accrued interest on the principal since June 27, 1978, in the amount of Nine Hundred Sixty-seven and 88/100 Dollars ($967.88), unpaid utilities in the sum of Nine Thousand Six Hundred Fifty-one and 45/100 Dollars ($9,651.45), attorney's fees in the amount of Seven Hundred Fifty and no/100 Dollars ($750.00) and costs in the sum of Twenty-five and no/100 Dollars ($25.00).

II.

Appellant presents three arguments upon appeal:

1.  That the promissory note sued upon, to the extent it represents utility charges accrued after May 12, 1976, is void and unenforceable for want of consideration;

2.  That N.T.U.A. as holder is not a holder in due course and for value of the note subsequent to May 12, 1976; and

3.  That the question of whether the sale of the business from appellant to Harry Wiles and the others was consummated, is not relevant to the determination of the unenforceability of the note.

Appellant did not contest the fact that she signed the promissory note or that it was genuine. We will address each of these arguments in the order presented by the appellant.

III.

Appellant first argues that she transferred management and control of the business to Harry Wiles on May 12, 1976. The $5,427.28, representing the amount of unpaid utility bills from November, 1975, to May 12, 1976, she admits to owing. She argues that $13,783.99 of the note is the responsibiltiy of Mr. Wiles and that she received no consideration for her promise to pay this amount.

We do not need to reach the question of who was the owner of the hotel, who signed the agreement to pay for the utilities with N.T.U.A., or who actually used the utilities the bill for which was

unpaid at the time the note was signed. Appellant admits to signing the note. The argument that there is a failure of consideration is without merit. Appellant is an accomodation party to the note.

An accomodation party is, by definition, one who signs without receiving consideration. See 11 Am.Jur.2d §§ 121, 241. Just as a father may sign a promissory note when his teenage son buys his first car because he wants his son to have the car and not because he is getting anything for his signature, so did Loretta Bouldin sign the promissory note at suit herein because she wanted the people she thought would buy her hotel to continue to have utility service. And just as the father in our example will be liable if his son does not make his payments, so Loretta Bouldin is liable herein. We hold that the promissory note is not void and unenforceable for want of consideration because Loretta Bouldin was an accomodation party and no consideration was necessary.

IV.

Appellant's second argument is without merit. The term "holder in due course" refers to someone who was not one of the original parties to an agreement, but that obtained the rights of one of the parties under the agreement after the agreement was already in existence. As one of the original parties to the agreement, N.T.U.A. could not possibly be a holder in due course. We therefore reject all of

appellant's second argument.

V.

For the reasons stated in Part III above, we agree with appellant's third argument. Whether or not the transaction attempted on May 12, 1976, was a purchase or not is irrelevant to the enforcibility of the note. As an accomodation party to the note, Loretta Bouldin is liable. Because the makers of the note are jointly and severally liable, appellant's remedy at law is to sue under her right of contribution against the other makers.

The decision of the District Court of Shiprock is hereby AFFIRMED.

BECENTI, Associate Justice and WILSON, Associate Justice, concur.